**United States District Court**
**Southern District of New York**
_____

**ANNETTE VOGELFANG,**

                          Plaintiff,          10 Civ. 3827 (JGK)

      - against -                MEMORANDUM OPINION AND
                                                                   ORDER

**NYS DEPT. OF CORRECTIONS, ET AL.,**

                          Defendants.
_____

**JOHN G. KOELTL, District Judge:**

     The plaintiff, Annette Vogelfang, moves for a preliminary injunction against 20 correctional employees at Bedford Hills Correctional Facility, where she is incarcerated. The proposed injunction would require the defendants to (1) release the plaintiff from her alleged wrongful confinement in the special housing unit ("SHU") and otherwise "afford plaintiff liberty"; (2) "stop hitting and hurting plaintiff"; and (3) "stop all retaliations for grievances." (Order to Show Cause.)

     To obtain a preliminary injunction, a plaintiff "must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." Winter

v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). Although a plaintiff need only show "serious questions" as to her likelihood of success in some situations, see Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 38 (2d Cir. 2010), a plaintiff who seeks "a mandatory injunction (one that will alter the status quo) rather than a prohibitory injunction (one that maintains the status quo) . . . must show a clear or substantial likelihood of success," Hoblock v. Albany County Bd. Of Elections, 422 F.3d 77, 97 (2d Cir. 2005).

    Here, the plaintiff has not established any of the elements required to obtain a preliminary objection. First, she has made no argument regarding the equities of an injunction or the public interest. Second, she has not sufficiently shown a clear or substantial likelihood of either irreparable harm or a success on the merits.

    An inmate who is confined in SHU or other atypically restrictive conditions for a sufficiently long period of time is entitled to procedural due process protections. See Davis v. Barrett, 576 F.3d 129, 133 (2d Cir. 2009). However, the plaintiff has not submitted sufficient evidence that she is likely to be able to show that she has been denied such protections, and hence has not established either a likelihood

of success on the merits or a likelihood of irreparable harm. Most of the flaws she alleges in the processes that led to her confinement in SHU are too minor to rise to the level of a due process violation. See generally Wilkinson v. Austin, 545 U.S. 209, 224-30 (2005). To the extent that she alleges that her hearings were affected by bias or retaliatory motives, her contentions are wholly conclusory and therefore insufficient to allow relief. See N.Y.C. Envtl. Justice Alliance v. Giuliani, 214 F.3d 65, 72 (2d Cir. 2000).

The plaintiff alleges that some officers have used unnecessary force against her, and seeks to enjoin further harmful conduct. However, all of the conduct she alleges is in the past, and she does not provide sufficient reason to believe that she is likely to suffer similar injuries in the future. See Los Angeles v. Lyons, 461 U.S. 95, 111-12 (1983). Accordingly, she has not shown a likelihood of irreparable harm or of success on the merits.[1]

The plaintiff's retaliation claims are indistinguishable from her SHU claim; she argues only that some of the defendants have written fictitious complaints and dealt with disciplinary

---

[1] The plaintiff alleges in a supporting statement that she has received delayed medical treatment, even though she did not request any injunction related to medical treatment. To the extent that she is seeking an injunction against similar treatment, her request fails for the same reasons.

tickets in retaliatory ways that led to her confinement in SHU. As discussed above, these contentions are conclusory and therefore insufficient to justify an injunction.

For all of these reasons, the plaintiff's request for a preliminary injunction is **denied**.

SO ORDERED.

Dated:   New York, New York
         October  / , 2010

                                          /s/ John G. Koeltl
                                          John G. Koeltl
                                          United States District Judge